NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1427

RALPH V. LADD

vs.

ARBELLA PROTECTION INSURANCE COMPANY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Ralph V. Ladd appeals from a summary judgment entered in favor of his insurance carrier, Arbella Protection Insurance Company (Arbella).  Ralph had been joined as a third-party defendant by Alina Bosch in another lawsuit arising out of construction work performed by Ralph's son, David.[1]  After Arbella refused to defend Ralph in Bosch's suit, Ralph filed a declaratory judgment action challenging that refusal.  A Superior Court judge allowed Arbella's motion for summary judgment, concluding that Arbella had no duty to defend Ralph against Bosch's claims.  For the reasons below, we affirm.

_____

[1] As some of the parties share a surname, we use first names to avoid confusion.

Background.  Ralph is a licensed plumber and the father of David, who also is a plumber, although the two do not work or operate together.  David filed a breach of contract claim against Alina Bosch for nonpayment of services related to a construction project.  Bosch filed a counterclaim against David, as well as a third-party complaint against Ralph, for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, gross negligence, negligent misrepresentation, fraud and deceit, and violations of New Hampshire's Consumer Protection Act.  Bosch alleged that both David and Ralph had performed work at her property but had done so in an unprofessional and unworkmanlike manner.  Ralph maintained that he is a sole proprietor and does not work with his son David in any capacity, including the project with Bosch.

Ralph made a demand on his insurance company, Arbella, to defend him against Bosch's third-party complaint.  Subject to additional limitations and exclusions, Arbella's commercial general liability policy provides coverage for "bodily injury" or "property damage" that is caused by an "occurrence," which the policy defines as "an accident."  As pertinent here, the policy specifically excludes from coverage any damage or injury to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage'

2

arises out of those operations; or . . . that particular part of property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it" (business risk exclusions).

After a review of Bosch's complaint, Arbella's coverage counsel sent Ralph a letter disclaiming coverage under the policy. Among other reasons, the letter explained that Bosch's complaint did not allege an "occurrence" as defined by the policy. Even if the complaint did allege an "occurrence," the policy specifically excluded coverage for claims for "faulty workmanship."

In response, Ralph filed a complaint against Arbella, seeking declaratory relief and alleging a violation of G. L. c. 93A for failing to comply with its duty to defend him against Bosch's third-party complaint. Arbella moved for summary judgment and, following a hearing, a Superior Court judge allowed the motion. Ralph timely appealed.

Discussion. Standard of review. "The issues in this appeal are well-suited for summary judgment, since the interpretation of an insurance contract is a question of law for the court" (quotation and citation omitted). Lessard v. R.C. Havens & Sons, Inc., 104 Mass. App. Ct. 572, 574 (2024). We review the interpretation of the policy and the grant of summary judgment de novo. Id.

3

Arbella's duty to defend. "A liability insurer's duty to defend is determined by comparing the allegations in the third-party complaint against the provisions of the insurance policy." Deutsche Bank Nat'l Ass'n v. First Am. Title Ins. Co., 465 Mass. 741, 744-745 (2013). The duty to defend is also determined based "on facts known or readily knowable by the insurer that may aid in its interpretation of the allegations in the complaint." Billings v. Commerce Ins. Co., 458 Mass. 194, 200 (2010). Where "the allegations in the underlying complaint lie expressly outside the policy coverage . . . the insurer is relieved of the duty . . . to defend" (quotation and citation omitted). Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 394-395 (2003).

The allegations in the underlying third-party complaint and the facts known by Arbella establish that Arbella did not have a duty to defend or indemnify Ralph against Bosch. In substance, Bosch sought damages only for faulty workmanship; she did not allege an accident such as that the faulty workmanship caused damage to something other than the work product. Thus, Bosch's claims alleging (a) failure "to provide construction design, services, and materials in a workmanlike manner" and (b) that the project was "critically flawed and fundamentally deficient,"

4

do not constitute an "occurrence."[2]  The fact that Bosch characterized some of these allegations as "negligence" does not transform them into occurrences, given that Bosch alleged that the damage arising from negligence was "for faulty workmanship that damaged only the resulting work product."  All America Ins. Co. v. Lampasona Concrete Corp., 95 Mass. App. Ct. 79, 82 (2019).  See also New England Mut. Life Ins. Co. v. Liberty Mut. Ins. Co., 40 Mass. App. Ct. 722, 727 (1996) ("It is the source from which the plaintiff's personal injury originates rather than the specific theories of liability alleged in the complaint which determines the insurer's duty to defend").[3]

In sum, none of Bosch's allegations constitute an "occurrence" that would be covered by the policy.  Nevertheless, Ralph maintains that Arbella had a duty to defend because he

_____

[2] We have stated our approval of such exclusions, called "business risk" exclusions.  See Pacific Indem. Co. v. Lampro, 86 Mass. App. Ct. 60, 66 (2014) ("General liability coverage is not intended as a guarantee of the insured's work, and for that reason, general liability policies contain 'business risk' exclusions" [quotation and citation omitted]).  See also Commerce Ins. Co. v. Betty Caplette Bldrs., Inc., 420 Mass. 87, 92 (1995) ("Repairing or replacing faulty products is a business expense, ordinarily to be borne by the insured contractor in order to satisfy customers").

[3] "Given our conclusion that coverage did not attach in the first place, we need not reach [Arbella's] alternative arguments that other terms in the policies would exclude coverage." Verveine Corp. v. Strathmore Ins. Co., 489 Mass. 534, 545 (2022).  Regardless, we note that the policy contained business risk exclusions that also barred coverage.

denied any involvement in the construction project.  However, we have previously held, "[a]n insured's denial of the underlying allegations has no bearing on whether a duty to defend exists, because coverage turns on the nature of those allegations, not on whether they are true."  Marculetiu v. Safety Ins. Co., 98 Mass. App. Ct. 553, 560 (2020).  The sole issue is whether any of Bosch's allegations are possibly covered by the policy.  For the reasons stated above, they are not.  Accordingly, the judge properly allowed Arbella's motion for summary judgment.[4]

Ralph's c. 93A claim.  Ralph concedes that his c. 93A claim against Arbella is, in essence, contingent on whether Arbella had a duty to defend.  This is because "[r]ecovery under G. L. c. 93A for a violation of G. L. c. 176D, § 3 (9), is unlikely when [a]n insurance company . . . in good faith denies a claim of coverage on the basis of a plausible interpretation of its insurance policy" (quotation and citation omitted).  McGilloway v. Safety Ins. Co., 488 Mass. 610, 618 (2021).  Arbella's interpretation of its policy was not only plausible, but, as explained above, correct.  Accordingly, we discern no error in

---

[4] We note that Ralph filed an abuse of process claim against Bosch, prevailed, and was awarded the legal costs of defending against her false claims.  Bosch has appealed from that judgment.

6

the allowance of Arbella's motion for summary judgement on Ralph's c. 93A claim.

Judgment affirmed.

By the Court (Blake, C.J., Neyman & Wood, JJ.[5]),

Clerk

Entered: February 25, 2025.

---

[5] The panelists are listed in order of seniority.